IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID WILLIAMS, JR., as Personal Representative of the Estate of David Williams, Sr., | ) ) ) ) | Case No.: 4:24-cv-07524-JD |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| REMARMS, LLC; ROUNDHILL GROUP, LLC; SPORTING GOODS PROPERITEIS, INC.; and, REMINGTON ARMS, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This is a products liability case involving a Remington Model 700 rifle. Defendants RemArms, LLC ("RemArms"), Roundhill Group, LLC ("Roundhill"), and Sporting Goods Properties, Inc. ("SGPI") (collectively "Moving Defendants") move to dismiss Plaintiff David Williams, Jr., as Personal Representative of the Estate of David Williams, Sr.'s ("Plaintiff" or "Williams") Complaint (DE 1-1) under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 9.) Plaintiff has responded in opposition (DE 10), and Defendants have replied (DE 11).

After reviewing the pleadings, motions, and memoranda submitted, the Court grants the Moving Defendants' motion to dismiss (DE 9).[1]

---

[1] Remington Arms Company, LLC, is currently involved in ongoing Chapter 11 bankruptcy proceedings in the Northern District of Alabama. (DE 7.) As a result of the bankruptcy filing, all matters against Remington Arms Company, LLC, are stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362.

# I.     BACKGROUND

## A.     Facts

These facts are taken from Plaintiff's Complaint (DE 1-1) and are accepted as true for purposes of this motion.

Plaintiff alleges that on or about November 5, 2021, David Williams, Sr., was fatally injured when a Remington Model 700 rifle discharged without the trigger being pulled. The rifle is alleged to have been equipped with a Walker Fire Control trigger mechanism, a design that had been previously associated with unintentional discharges. Plaintiff contends that the subject firearm was unreasonably dangerous due to this defect, and that the Moving Defendants failed to warn consumers or take remedial action despite having prior knowledge of the risk. (DE 1-1 ¶¶ 10–14, 18–21.)

Plaintiff claims that the firearm was placed into the stream of commerce by the Moving Defendants, each of whom participated in its design, manufacture, testing, or distribution. As a result of the unintentional discharge, Mr. Williams sustained fatal injuries, leading to the present wrongful death action. (Id. ¶¶ 1, 9, 14, 21.)

## B.     Procedural History

Plaintiff filed the Complaint on November 4, 2024, in the Circuit Court for Marlboro County, South Carolina, under Case No. 2024-CP-34-00373, asserting Strict Liability, Negligence, Breach of Warranty, and Wrongful Death claims. (DE 1-1.) Moving Defendants were served between December 10 and 12, 2024. (DE 1 ¶ 1.) On December 20, 2024, defendants—RemArms, LLC; Roundhill Group, LLC (now Outdoor Properties, LLC); Sporting Goods Properties, Inc.; and Remington Arms

2

Company, LLC—filed a Notice of Removal to the U.S. District Court for the District of South Carolina, Florence Division, invoking diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (DE 1 ¶¶ 9–11.)

All defendants are diverse from the Plaintiff, a South Carolina citizen. Moving Defendants are citizens of Florida, Delaware, Samoa, and Alabama, and none are citizens of South Carolina. (DE 1 ¶¶ 2–8.) The amount in controversy exceeds $75,000. (*Id.* ¶ 10.) Moving Defendants assert that removal was timely and proper, and that all served defendants consented to the removal. (*Id.* ¶¶ 14–15.)

## II.     STANDARD

### A.  Rule 12(b)(6), Fed. R. Civ. P.

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

3

U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2), Fed. R. Civ. P.).

**B. Rule 12(b)(2), Fed. R. Civ. P.**

"Due process requires that the defendant be given adequate notice of the suit, and be subject to the personal jurisdiction of the court." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Courts have determined that "[w]hen personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This *prima facie* case analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* (internal quotation marks omitted). "A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (citation omitted); *see also, Sunny Days Entertainment, LLC v.*

*Traxxas, L.P.*, 376 F. Supp. 3d 654, 659 (D.S.C. 2019) ("South Carolina's long arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause.") (citations omitted).

The party asserting jurisdiction must "ultimately [] prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, Inc., 334 F.3d 390, 396 (4th Cir. 2003). "Determining the extent of a State's judicial power over persons outside of its borders . . . can be undertaken through two different approaches—by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). ". . . [I]f the defendant's contacts with the State are not also the basis for suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the State." *Id.* at 712. "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *Hawkins*, 935 F.3d at 226.

## III.    DISCUSSION

### A. Personal Jurisdiction

The Moving Defendants contend that Plaintiff's claims should be dismissed for lack of personal jurisdiction. (DE 9-1 at 3.) The Court agrees. Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction of the court. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Personal jurisdiction under the Due Process Clause

may be either general or specific. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). General jurisdiction exists when a defendant's contacts with the forum state are so continuous and systematic as to render it "essentially at home" in the forum. Specific jurisdiction, by contrast, is proper only where the claims arise out of or relate to the defendant's contacts with the forum state. *Id.* at 712.

Plaintiff has not established a prima facie basis for general jurisdiction. The record shows that none of the Moving Defendants is incorporated in, or maintains its principal place of business in, South Carolina. Further, they do not maintain offices, conduct business, or otherwise engage in continuous and systematic activities within the state. (DE 9-2 ¶¶ 4–5, 9–10; DE 9-3 ¶¶ 4–7; DE 9-4 ¶¶ 4–6.)

Plaintiff instead invokes a theory of specific jurisdiction, asserting that the Moving Defendants are subject to jurisdiction as successors in interest to Remington Arms Company, LLC ("RAC"). (DE 10 at 2–6.) However, Plaintiff fails to identify any specific agreement, contractual language, or conduct indicating that the Moving Defendants expressly assumed RAC's liabilities. The declarations submitted by the Moving Defendants affirmatively state that they did not assume any such liabilities and had no ownership or corporate relationship with RAC or its bankruptcy estate. (DE 9-2 ¶¶ 7–8, 11–18; DE 9-3 ¶¶ 10, 15; DE 9-4 ¶ 6.)

Although the Court must resolve factual disputes and draw reasonable inferences in Plaintiff's favor at this stage, it cannot credit conclusory allegations unsupported by factual detail. *See Ashcroft v. Iqbal, 556 U.S. at 678*. Because Plaintiff

has not alleged facts showing that the Moving Defendants' own contacts with South Carolina give rise to this suit—and has not shown unrelated but substantial contacts sufficient to support general jurisdiction—Plaintiff has not met his burden under Rule 12(b)(2). Accordingly, the Court concludes that the exercise of personal jurisdiction over the Moving Defendants would offend due process, and dismissal under Rule 12(b)(2) is warranted.

### B. Motion to Dismiss under Rule 12(b)(6)

In the alternative, the Moving Defendants seek dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (DE 9-1 at 8–10.) A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint; it does not permit the Court to weigh evidence or consider matters outside the pleadings. Accordingly, the Court does not consider the affidavits submitted by the Moving Defendants in resolving this portion of the motion.

Plaintiff asserts claims against the Moving Defendants for strict liability, negligence, and wrongful death, all stemming from an alleged defect in a Remington Model 700 rifle. However, the Complaint contains no specific factual allegations that RemArms, Roundhill, or SGPI designed, manufactured, sold, or distributed the particular firearm at issue. (DE 1-1 ¶¶ 1–30.) Indeed, in his opposition brief, Plaintiff acknowledges that "Defendant 'RAC' produced" the rifle and does not contend that the Moving Defendants had any direct involvement in its production or sale. (DE 10 at 2.)

Instead, Plaintiff relies exclusively on a theory of successor liability, asserting that the Moving Defendants assumed RAC's liabilities through an asset purchase agreement. (DE 10 at 4–6.) While South Carolina law recognizes narrow exceptions to the general rule against successor liability—such as an express agreement to assume liabilities, continuation of enterprise, or de facto merger—Plaintiff's Complaint does not identify any specific agreement, set forth its terms, or name the relevant parties. Rather, it contains only conclusory assertions that the Moving Defendants are "liable for RAC's defective products." (DE 1-1 ¶¶ 20–21.)

At the pleading stage, a plaintiff must allege sufficient facts to state a claim that is plausible on its face. Conclusory or speculative allegations, without factual support, do not meet this standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint fails to plausibly allege either direct liability or a basis for successor liability against the Moving Defendants. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and dismissal under Rule 12(b)(6) is appropriate.

## IV.    CONCLUSION

For these reasons, Defendants RemArms, LLC, Roundhill Group, LLC, and Sporting Goods Properties, Inc.'s Motion to Dismiss (DE 9) is GRANTED and Plaintiff David Williams, Jr., as Personal Representative of the Estate of David Williams, Sr.'s Complaint (DE 1-1) against these defendants is DISMISSED WITHOUT PREJUDICE.

As a result of the bankruptcy filing, all other matters against Remington Arms Company, LLC, are stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362. (*See* n 1.)

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 12, 2025